IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* DALE BRAGG, THE STATE OF ILLINIOS *ex rel.* DALE BRAGG<br><br>Plaintiff,<br><br>v.<br><br>SCR MEDICAL TRANSPOTATION, INC.,<br><br>Defendant. | Case No. 07-CV-2328<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Michael T. Mason |

**MEMORANDUM OPINION AND ORDER**

Plaintiff-Relator Dale Bragg ("Plaintiff" or "Bragg") has filed this *qui tam* action against Defendant SCR Medical Transportation, Inc. ("Defendant" or "SCR") asserting violations of the False Claims Act ("FCA"), 31 US.C. § 3729 *et seq.,* the Illinois False Claims Act and the Illinois Whistleblower Reward and Protection Act ("IWRPA"), 740 ILCS § 175/1. SCR's motion to dismiss Bragg's amended complaint was granted. SCR now moves to dismiss Bragg's second amended complaint with prejudice for failing to plead with particularity pursuant to Fed. R. Civ. P. 9(b), and for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court grants SCR's motion without prejudice.

1

# FACTS

The underlying facts in this matter have not changed since this Court's previous order filed on April 8, 2011. For purposes of defendant's motion, the Court accepts as true the factual allegations of the plaintiff's complaint.

Defendant SCR is an organization that provides non-emergency medical transportation ("paratransit services") for individuals who are unable to use public transportation due to physical or health limitations. Plaintiff, Bragg worked for SCR from March 2003 until his resignation in March 2007. Prior to his resignation, Bragg held the position of Operations Manager and was responsible for budget approval, invoice review and approval and management authority over 241 employees.

On April 27, 2007, Bragg filed his original complaint alleging that SCR knowingly presented or caused to be presented false or fraudulent claims for payment in an attempt to defraud the federal and state governments. Bragg also asserts claims under the whistleblower protection provisions of the FCA and IWRPA alleging that SCR threatened, harassed and discriminated against him because of his lawful actions in furtherance of this *qui tam* claim.[1] SCR sought and obtained a dismissal of that complaint. In response, Bragg has filed this second amended complaint and SCR again alleges that Bragg has failed to sufficiently state a claim upon which the Court can grant relief.

# STANDARD OF REVIEW

1. **Rule 9(b) Pleading Requirement**

---

[1] Both the United States and the State of Illinois declined to intervene in this action and have both provided written consent to a dismissal of this action so long as the dismissal is without prejudice to their rights as the real parties in interest in this matter.

The heightened pleading standard set forth in Rule 9(b) requires that in all allegations of fraud, "a party must state with particularity the circumstances constituting fraud." FED. R. Civ. P. 9(b). This means a party must plead "the who, what, when where, and how: the first paragraph of any newspaper story." *U.S. ex rel. Lusby v. Rolls-Royce Corp.,* 570 F.3d 849 853 (7th Cir. 2009). When a fraud scheme involves numerous transactions over time, a plaintiff need not plead specifics with respect to every instance of the fraud but must plead at least representative examples of the fraud. *U.S. ex. rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 376 & 379 (7th Cir. 2003). The heightened pleading requirement in the fraud context forces the plaintiff to conduct a careful pretrial investigation and minimizes the risk of extortion that may come from a baseless fraud claim. *Fidelity Nat'l Title Ins. Co. of N. Y. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 748-49 (7th Cir. 2005).

**2.      12(b)(6) Motion to Dismiss**

<u>**LEGAL ANALYSIS**</u>

Federal Rules of Civil Procedure set forth the federal pleading requirement of a short and plain statement of the claim upon which relief can be granted. Fed. R. Civ. P. 8(a). In order to survive dismissal, the complaint must allege sufficient factual content to raise the right to relief above a speculative level. *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 569 n. 14, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). When considering dismissal of a complaint, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

3

## DISCUSSION

**1.    FCA Fraud Claims**

In his second amended complaint, Bragg asserts the same fraud claims as they were originally asserted in the first amended complaint. This complaint was previously dismissed because this Court found that the complaint revealed a general scheme by SCR to modify trip tickers, but failed to specify the "who, what, when, where and how" circumstances of any particular trip ticket.

In addition to the arguments recycled from his first amended complaint, Bragg has included two attachments to satisfy the particularity requirement under Rule 9(b). Bragg's first attachment includes 90 SCR "trip tickets" that include a date, customer name, address, driver identification and signature as well as pick up and drop off times, some of which include handwritten modifications and which Bragg alleges to be fraudulent. Bragg also has attached the affidavit of Mark Martin, a former driver employed by SCR, which supports Bragg's allegations.

 Despite the fact that Bragg has attached a number of modified SCR trip tickets, Bragg has again failed to answer the "who, what, when, where and how" circumstances as to any particular trip ticket attached to the complaint. Specifically, Bragg fails to provide any information that the modifications made to these tickets were in an effort to conduct fraud or even incorrect. Without allegations describing the particular circumstances surrounding any of the alterations made to these trip tickets, Bragg has failed to raise the inference beyond a speculative level that the modifications are fraudulent and not corrective or accurate. *United States ex rel. Wildhirt v. AARS Forever, Inc. et al.*, No. 09 c 1215, 2011 WL 1303390 (N.D. Ill, April 6, 2011) (citing *United*

States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1312 (11th Cir. 2002). ("a plaintiff cannot 'merely … describe a private scheme in detail but then …allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government.'").

This Court's opinion is further reinforced by the Seventh Circuit's decision in *Garst*. In *Garst*, a FCA realtor faced similar pleading challenges. Despite the fact that the relator filed subsequent complaints offering additional information, the Seventh Circuit still held that the relator failed to satisfy Rule 9(b). Specifically, the Court of Appeals held that although the relator had "come closer to specific allegations of deceit," he nevertheless "fail[ed] to link [the allegations] to any claim for payment." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming dismissal of the relator's claim after relator failed to identify in his complaint specific false claims for payment, connect those statements to specific claims, identify who made the false statements and when the statements were made, or state why those statements were false as relator was instructed to do by the district court judge).

Furthermore, 71 out of 90 tickets submitted by Bragg were dated after his resignation from SCR. Consequently, the majority of Bragg's allegations are based upon information and belief of fraudulent activity, not his personal knowledge and experience as a former employee. Thus, Bragg has identified 19 out of 3,358,000 submitted during his time with SCR displaying modifications, some of which did not even result in SCR receiving additional payment under its PACE contract. As there is nothing inherently

fraudulent about the modifications on SCR's trip tickets, the Court finds that Bragg's conclusory allegations are insufficient to state a claim under Rule 9(b).

2.    **FCA Whistleblower Claim**

In count VII, Bragg again alleges that SCR constructively discharged him in violation of the whistleblower protections of the FCA after he objected to SCR's fraudulent ticket modifying scheme. "An employee who is discharged, demoted, suspended, threatened, harassed or in any manner discriminated against by his or her employer because of lawful acts done by the employer in furtherance of a *qui tam* action" is entitled to seek relief for retaliatory discharge pursuant to 31 U.S.C. § 3730(h). To state a claim for retaliatory discharge, a plaintiff must allege that (1) he engaged in actions in furtherance of a *qui tam* claim and therefore his conduct constituted protected activity; (2) his employer was aware that plaintiff engaged in protected activity; and (3) his discharge was motivated, at least in part, by the protected activity. *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004).

In its previous order, this Court held that Bragg failed to adequately allege that he engaged in protected activity or that SCR was aware that Bragg was engaged in protected activity. In an effort to remedy the deficiencies in the previous complaint, Bragg added new allegations in the second amended complaint which included his unwillingness to attend a meeting called by SCR's president for the purpose of expanding the fraudulent trip ticket scheme.

Having taken into consideration Bragg's new allegations, the Court finds that Bragg continues to fail to allege sufficient facts to demonstrate that he engaged in protected activity or that SCR was aware of this activity. The FCA defines protected

6

activity to include, "the investigation for, initiation of, testimony for or assistance in an action filed or to be filed under this section." 31 U.S.C. § 3730 (h). Bragg has not alleged that he investigated the ticket modification process or took any steps to initiate or assist with any FCA action. Bragg instead has simply alleged an awareness of fraudulent activity and an unwillingness to participate in that activity. *Compare with United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C. Cir. 1998) (holding that plaintiff conducted sufficient investigation to state a retaliatory FCA claim after "he repeatedly advised […] superiors that he had evidence [of] falsified time and attendance records" and also provided vice president of University with additional documentation including photographs of fraudulent activity). Bragg's objection to SCR's conduct alone is not sufficient to constitute protected activity. *See Fanslow v. Chicago Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004).

In further support of his whistleblower claim, Bragg contends that statements made by the SCR president accusing him of sabotage indicate that he engaged in protected activity. Bragg, however, cites no case law that supports that claim that is applicable to this matter or binding on this Court.

Lastly, Bragg again has failed to allege facts that demonstrate that SCR was aware that Bragg was engaging in protected activity. The complaint contains no allegations that indicate SCR was informed that Bragg was investigating fraudulent conduct or engaging in any other actions that would constitute protected activity. Having failed to satisfy the first two elements of his whistleblower claim, Bragg has failed to plead that he was discharged in violation of the whistleblower provision of the FCA.

**3. State Law Claims**

Again, in counts IV, V, VI, VIII and IX, Bragg asserts various violations of the IWRPA. Pursuant to the foregoing reasons, the Court has dismissed Bragg's federal claims. A district court has the discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims, *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). The Court exercises that discretion here and dismisses Bragg's claims under the IWRPA.

## CONCLUSION

For the foregoing reasons, this Court grants Defendant SCR Medical Transportation Inc.'s motion to dismiss without prejudice, allowing plaintiff to seek leave to file an amended complaint which sets forth the specific circumstances required under Rule 9(b) as they pertain to any allegedly fraudulent SCR trip tickets.

IT IS SO ORDERED.
June 8, 2012

Dated

Hon. Sharon Johnson Coleman
United States District Court